IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
CENTRAL DIVISION

HUGH L. RILEY, Reg. No. 1104541,   )
                                    )
            Plaintiff,              )
                                    )
       v.                           )    No. 06-4211-CV-C-NKL
                                    )
LARRY CRAWFORD, et al.,             )
                                    )
            Defendants.             )

**REPORT, RECOMMENDATION AND ORDER**

Plaintiff Hugh L. Riley, an inmate confined in a Missouri penal institution, brought this case under the Civil Rights Act of 1871, 42 U.S.C. § 1983, and its corresponding jurisdictional statute, 28 U.S.C. § 1343. This case was referred to the undersigned United States Magistrate Judge for processing in accord with the Magistrate Act, 28 U.S.C. § 636, and L.R. 72.1.

Plaintiff names as one of the defendants in the case Judge Thomas J. Brown. Plaintiff's claims against Judge Brown should be dismissed. Individual judges are immune from civil suit when acting within their judicial capacity. See Stump v. Sparkman, 435 U.S. 349, 355-57 (1978); Patten v. Glaser, 771 F.2d 1178, 1179 (8th Cir. 1985) (per curiam) and Alabama v. Pugh, 438 U.S. 781, 782 (1978).

A review of the file indicates defendant Sheriff Greg White was served with summons and complaint on December 15, 2006. Defendant White has not filed an answer to the complaint. A default judgment may be entered "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend." Fed. R. Civ. P. 55. Defendant White is directed to show cause why default judgment should not be entered against him in favor of plaintiff.

Named as a provisional defendants in this case are Larry Blane, C.O. Heather and C.O. Pile. Plaintiff complied with the order to supply the court with an address for service of process on defendant Blane, but service at that address was returned, unexecuted. Fed. R. Civ. P. 4(m) provides as follows:

> If service of the summons and complaint is not made upon a defendant within 120 days after the filing of the complaint, the court, upon motion or on its own initiative after notice to the plaintiff, shall dismiss the action without prejudice as to that defendant or direct that service be effected within a specified time; provided that if the plaintiff shows good cause for the failure, the court shall extend the time for service for an appropriate period.

Here, it has been more than 120 days since plaintiff's original complaint was filed. Service has been attempted upon defendant Blane and was returned unexecuted. Plaintiff has not provided an additional address for defendant Blane or addresses for defendants Heather and Pile.

THEREFORE, IT IS ORDERED that within twenty days, plaintiff show cause why his claims against Larry Blane, C.O. Heather and C.O. Pile should not be dismissed, pursuant to Fed. R. Civ. P. 4(m). It is further

ORDERED that within twenty days, defendant Greg White show cause why default judgment should not be entered against him in favor of plaintiff. It is further

RECOMMENDED that plaintiff's claims against Judge Thomas J. Brown be dismissed, pursuant to 28 U.S.C. § 1915A, for failure to state a claim for which relief can be granted.

Under 28 U.S.C. § 636(b)(l), the parties may make specific written exceptions to this recommendation within twenty days. The District Judge will consider only exceptions to the specific proposed findings and recommendations of this report. Exceptions should not include matters outside of the report and recommendation. Other matters should be addressed in a separate pleading for consideration by the Magistrate Judge.

The statute provides for exceptions to be filed within ten days of the service of the report and recommendation. The court has extended that time to twenty days, and thus, additional time to file exceptions will not be granted unless there are exceptional circumstances. Failure to make specific written exceptions to this report and recommendation will result in a waiver of the right to appeal. See L.R. 74.1(a)(2).

Dated this 14th day of June, 2007, at Jefferson City, Missouri.

/s/ *William A. Knox*

WILLIAM A. KNOX
United States Magistrate Judge

2