IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
CENTRAL DIVISION

| | | |
|---|---|---|
| HUGH L. RILEY, Reg. No. 1104541, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 06-4211-CV-C-NKL |
| | ) | |
| LARRY CRAWFORD, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## REPORT, RECOMMENDATION AND ORDER

Plaintiff Hugh L. Riley, an inmate confined in a Missouri penal institution, brought this case under the Civil Rights Act of 1871, 42 U.S.C. § 1983, and its corresponding jurisdictional statute, 28 U.S.C. § 1343. This case was referred to the undersigned United States Magistrate Judge for processing in accord with the Magistrate Act, 28 U.S.C. § 636, and L.R. 72.1.

Before this court are defendants' motions to dismiss for failure to exhaust administrative remedies and failure to state a claim. Plaintiff has filed his responses in opposition.

"[A] complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Conley v. Gibson, 355 U.S. 41, 45-46 (1957). When applying this standard, the court accepts as true the factual allegations in the complaint and views them in the light most favorable to the plaintiff. Hishon v. King and Spalding, 467 U.S. 69, 73 (1984); Kohl v. Casson, 5 F.3d 1141, 1148 (8th Cir. 1993).

Title 42 U.S.C. § 1997e(a) provides that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." Exhaustion of all administrative remedies as set forth by the Missouri Department of Corrections Offender Grievance Procedures must be completed prior to a prisoner filing suit. See Johnson v. Jones, 340 F.3d 624, 628 (8th Cir. 2003) (dismissal is required under section 1997e(a) if an inmate has failed to exhaust all available administrative

remedies *prior* to filing suit). When multiple prison conditions claims have been joined, the plain language of section 1997e(a) requires that all available prison grievance remedies must be exhausted as to all claims on which a prisoner is seeking relief. Graves v. Norris, 218 F.3d 884, 885 (8th Cir. 2000) (per curiam). Exhaustion of all administrative remedies means that a prisoner must use all steps that the Department of Corrections requires and must follow such steps properly. Woodford v. Ngo, ___ U.S. ___, 126 S. Ct. 2378 (2006) (section 1997e(a) requires proper exhaustion of administrative remedies). A prisoner must complete the administrative review process in accordance with applicable procedural rules, including deadlines, as a precondition to bringing suit in federal court. Id.

In the instant case, the Informal Resolution Request (IRR) and grievance forms submitted provide that plaintiff has exhausted claims regarding (1) the flooding of his cell caused by another inmate that resulted in plaintiff slipping and being injured, and the response of Missouri Department of Corrections (MDOC) employees thereto; (2) claims that MDOC officials were harassing plaintiff's cellmate; (3) that defendant Pile on one occasion picked up plaintiff's law library request form off the floor and threw it away; (4) claims that plaintiff was not receiving enough IRR's on a weekly basis (although this claim was not fully exhausted until after plaintiff filed this suit); and (5) claims that he was improperly denied his food tray on a number of occasions because he did not have his cell light on and was harassed and issued frivolous conduct violations in these instances.

Plaintiff's numerous additional claims contained in his complaint have not been exhausted or even been submitted at any level through the administrative procedure of MDOC. Although the MDOC administrative grievance procedure does not require particular officials be named in the filing of IRR's and grievances, an inmate must submit an IRR or grievance that will reasonably put officials on notice of the claims against them. Jones v. Bock, 549 U.S. ___, ___, 127 S. Ct. 910, 913 (2007); Johnson v. Jones, 340 F.3d 624, 626-27 (2003) ("Congress enacted § 1997e(a) to reduce the quantity and improve the quality of prisoner suits; to this purpose, Congress afforded corrections officials time and opportunity to address complaints internally before allowing the initiation of a federal case.").

Plaintiff's allegation that he has been denied sufficient IRR and grievance forms is without merit. The documents submitted to the court by plaintiff indicate he filed 25 IRR's or

2

grievances from January to June 2006 in the months just prior to his filing this federal lawsuit. Allegations by plaintiff in his complaint that he was restricted to approximately one grievance form every other day do not set forth a basis for this court to determine that plaintiff did not have access to the grievance procedure at MDOC. MDOC's limitation on the number of grievance forms given to plaintiff on a weekly basis was reasonable, given plaintiff's own statements in his complaint which state he was constantly having to file complaints, sometimes 20 to 30 a day. A limitation of approximately three grievance forms a week was not arbitrary or unreasonable, and it did not unduly burden plaintiff's access to courts. Moreover, the record reflects that plaintiff filed many duplicative IRR's and grievances relating to the same complaint of being denied his food tray when he did not have his cell light on at meal times; and the responses by MDOC to plaintiff advised him that these filings were duplicative, yet plaintiff continued to file such grievances. Thus, clearly, plaintiff had access to the grievance procedure and had the capability of filing an IRR or grievance on his unexhausted claims set forth in his complaint, but chose not to do so.

Plaintiff's claims that were not exhausted at the time he filed his complaint with this court on September 18, 2006, should be dismissed for failure to exhaust administrative remedies as required by 42 U.S.C. 1997e. See Jones v. Bock, 549 U.S. ___, 127 S. Ct. 910 (2007) (holding that in prisoner complaint containing exhausted and unexhausted claims, only the unexhausted claims should be dismissed). As set forth above, the only claims which plaintiff exhausted prior to filing his complaint are: claims regarding the flooding of his cell caused by another inmate that resulted in plaintiff slipping and being injured and the response thereto of MDOC employees; claims that MDOC officials were harassing plaintiff's cellmate; that defendant Pile on one occasion picked up plaintiff's law library request form off the floor and threw it away; and claims that he was improperly denied his food tray on a number of occasions because he did not have his cell light on, and was harassed and issued frivolous conduct violations in these instances.

**Failure to State a Claim**

Missouri Department of Corrections defendants argue that plaintiff's exhausted claims fail to state a claim on which relief may be granted. Defendants argue that plaintiff's claims regarding his slipping and falling on the wet floor and MDOC employees response thereto, fail

3

to allege a violation of the Eighth Amendment and are, at most, claims of negligence and, thus, are not actionable under 42 U.S.C. § 1983. "[A] prison official violates the Eighth Amendment only when two requirements are met. First, the deprivation alleged must be, objectively, 'sufficiently serious,' . . ." Farmer v. Brennan, 511 U.S. 825, 834 (1994) (quoting Wilson v. Seiter, 501 U.S. 294, 298 (1991)). "Second, a prison official must be, as a subjective state of mind, deliberately indifferent to the prisoner's health or safety." Beyerbach v. Sears, 49 F.3d 1324 (8th Cir. 1995). Therefore, the official "must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." Farmer, 511 U.S. at 837. Here, plaintiff alleges that when the wing of the prison was flooded by another inmate, defendants failed to immediately (within minutes of the incident) allow him the opportunity to get the water removed from his cell, resulting in his slipping and falling. These claims fail to allege an intentional indifference to a serious safety concern. Further, plaintiff's complaint clearly provides that upon his falling, MDOC officers called a medical emergency on his behalf within minutes, and that he was promptly seen by medical personnel. The fact that plaintiff believes certain defendants made disrespectful comments during the medical emergency, such as a statement that plaintiff may be faking his injury, does not provide a basis for a constitutional claim. While such comments or actions may be unprofessional and inappropriate, verbal harassment is not actionable. See Williams v. Harness, 221 F.3d 1346, 2000 WL 5734448 *1 (8th Cir. 2000) (unpublished).

Plaintiff's allegation that defendant Pile on one occasion threw away his law library request form fails to state a claim of denial of access to courts.

Prisoners have a constitutional right of meaningful access to the courts. Bounds v. Smith, 430 U.S. 817, 821 (1977). To protect this right, prison officials must ensure prisoners have the resources needed to attack their sentences and to challenge their conditions of confinement. Lewis v. Casey, 518 U.S. 343, 351-53 (1996). The central concern is protecting prisoners' rights to prepare petitions or complaints. Bounds, 430 U.S. at 828 n.17 (citing Wolff v. McDonnell, 418 U.S. 539, 576 (1974)). "The Constitution does not require a state to 'enable [a] prisoner to *discover* grievances, and to *litigate effectively* once in court.'" Sabers v. Delano, 100 F.3d 82, 84 (1996) (quoting Lewis v. Casey, 518 U.S. at 354).

4

To prevail on a claim for denial of access to the courts, a plaintiff must show he or she suffered actual injury as a result of defendants' actions. Lewis, 518 U.S. at 353. In order to satisfy the actual injury requirement, a plaintiff must "demonstrate that a nonfrivolous legal claim had been frustrated or impeded." Johnson v. Missouri, 142 F.3d 1087, 1089 (8th Cir. 1998) (quoting Lewis v. Casey, 518 U.S. at 353).

In the instant case, plaintiff's allegation that on one occasion his law library request form was thrown away does not establish that he was denied law library resources such that a nonfrivolous legal claim was actually prejudiced. This court notes that plaintiff currently has seven pending civil rights cases filed with this court, and thus, it is apparent that plaintiff is not being prevented from meaningful access to the court.

Plaintiff claims his constitutional rights were violated when he was denied his food tray on several occasions over a period of months as a result of his being in violation of a new Jefferson City Correctional Center administrative segregation policy requiring inmates to turn on their cell light in order to receive their food tray at meal times. Plaintiff alleges that such policy unconstitutionally denied him several meals; that he was issued frivolous conduct violations for not complying with the policy; and that such actions constituted harassment.

The conditions under which an inmate is confined are subject to scrutiny under the Eighth Amendment. Farmer v. Brennan, 511 U.S. 825, 832 (1994). "[A] prison official violates the Eighth Amendment only when two requirements are met. First, the deprivation alleged must be, objectively, 'sufficiently serious,' . . ." Id. at 834 (quoting Wilson v. Seiter, 501 U.S. 294, 298 (1991)). Second, a prison official must have a sufficiently culpable state of mind, such that they were subjectively deliberately indifferent to the prisoner's health or safety. Id.; see also Beyerbach v. Sears, 49 F.3d 1324 (8th Cir. 1995). Therefore, the official "must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." Farmer, 511 U.S. at 837. The Eighth Amendment requires prison officials to provide humane conditions of confinement, including adequate food, clothing, shelter and medical care. Id. at 832. However, the Constitution does not mandate comfortable prisons. Id. Conditions of confinement claims are viable when a prisoner is confined in conditions which pose a substantial risk of serious harm or is being denied the minimal civilized measure of life's necessities. Simmons v. Cook, 154 F.3d 805, 807 (8th Cir. 1998).

5

In the instant case, plaintiff's allegation of denial of a meal here and there over a period of months, for failure to comply with an MDOC policy of which plaintiff was aware, does not rise to the level of a constitutional violation. Roddy v. Corbitt Nesbitt, 242 F.3d 376 (8th Cir. 2000) ( allegation that prison officials denied prisoner meal on three occasions over the course of a year does not rise to the level of a constitutional violation) (citing Berry v. Brady, 192 F.3d 504, 506-08 (5th Cir. 1999) (denial of eight meals over seven months because of inmate's failure to shave did not deny inmate "anything close to a minimal measure of life's necessities")).

Plaintiff's allegation regarding conduct violations he received for failure to turn on his cell light, as required by policy at meal times, also fails to rise to the level of a constitutional violation.

The filing of a false disciplinary charge against an inmate is actionable under 42 U.S.C. § 1983 if done in retaliation for the inmate's filing a grievance. Sprouse v. Babcock, 870 F.2d 450, 452 (8th Cir. 1989). To prevail on a retaliation claim, an inmate must prove that he would not have been issued the conduct violation but for defendants' retaliation. See Goff v. Burton, 91 F.3d 1188 (8th Cir. 1996) (to prevail on retaliation claim that he was transferred in retaliation for the exercise of a constitutional right, a prisoner must prove that, but for his legal actions against the prison, he would not have been transferred). See also Foster v. Delo, 130 F.3d 307 (8th Cir. 1997) (inmate must produce evidence that defendant's actions would not have occurred, but for the motive or retaliation for inmate's filing of numerous lawsuits against prison officials). Proof of an independent injury is not required where an inmate proves that the false disciplinary charge was filed against him in retaliation for filing a grievance. Cowans v. Warren, 150 F.3d 910, 912 (8th Cir. 1998). "If the discipline which the prisoner claims to have been retaliatory was, in fact, imposed for an actual violation of prison rules or regulations, then the prisoner's claim that the discipline was retaliatory in nature must fail." Henderson v. Baird, 29 F.3d 464, 469 (8th Cir. 1994). See also Orebaugh v. Caspari, 910 F.2d 526, 528 (8th Cir. 1990) ("no claim can be stated when the alleged retaliation arose from discipline imparted for acts that a prisoner is not entitled to perform").

In this case, plaintiff's allegations do not dispute that he was found guilty of the conduct violations received, or that he was, in fact, in violation of prison policy requiring that his light be

6

turned on when meal trays were being distributed to the inmates. Thus, plaintiff's allegations challenging his conduct violations received as retaliation fail to state a claim.

Plaintiff's claims that he was wrongfully found guilty of a conduct violation are, in essence, due process claims. To establish a due process violation, plaintiff must show a deprivation of a liberty or property interest protected by the Fourteenth Amendment. Paul v. Davis, 424 U.S. 693, 710-12 (1976). The Due Process Clause does not protect prisoners from every adverse change in their confinement. Sandin v. Connor, 515 U.S. 472, 478 (1995). If the conditions and degree of confinement are within the sentence imposed and do not otherwise violate the Constitution, prisoners have no claim under the Due Process Clause. Montanye v. Haymes, 427 U.S. 236, 242 (1976). See also Hewitt v. Helms, 459 U.S. 460, 468 (1983) (prisoners have no inherent right to remain in general population). Disciplinary action taken in response to a prisoner's misconduct "falls within the expected parameters of the sentence." Sandin, 515 U.S. at 485.

To determine whether prisoners have a liberty interest under state law, the court looks at the nature of the deprivation. Id. at 481-83. There is no liberty interest in the use of certain procedures by the state. Phillips v. Norris, 320 F.3d 844, 847 (8th Cir. 2003) (citing Kennedy v. Blankenship, 100 F.3d 640, 643 (8th Cir. 1996) ("Due Process Clause does not federalize state law procedural requirements")). Generally, state-created liberty interests are "limited to freedom from restraint which . . . imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." Sandin, 515 U.S. at 484; Portley-El v. Brill, 288 F.3d 1063, 1065 (8th Cir. 2001) (inmate who makes a due process challenge to his confinement "must make a threshold showing that the deprivation of which he complains imposed an 'atypical and significant hardship.'") Segregated confinement does not normally "present a dramatic departure from the basic conditions" of prison life. Sandin, 515 U.S. at 485-86. It has been consistently held that assignment to segregation, even without cause, is not itself an atypical significant hardship. Phillips v. Norris, 320 F.3d at 847.

Plaintiff's allegations are only that the violations were frivolous, and do not set forth that he was in any way subjected to atypical and significant hardship in relation to the ordinary incidents of prison life. Therefore, plaintiff's allegations challenging conduct violations received fail to state a claim under the Due Process Clause of the Constitution.

7

Finally, plaintiff's allegations challenging alleged retaliation against his cellmate fail to state a claim. Plaintiff cannot bring federal claims on behalf of an inmate that he states used to be his cellmate. Martin v. Sargent, 780 F.2d 1334, 1337 (8th Cir. 1985) (a prisoner cannot bring claims on behalf of other prisoners).

Based on the above discussion, the motions of defendants' to dismiss plaintiff's claims for failure to exhaust administrative remedies, and failure to state a claim should be granted.

Defendants Linda Nickle, Deon Tucker, and Daniel Mosley, all mental health providers, have moved for a more definitive statement of plaintiff's claims against them or for dismissal, citing plaintiff's failure to specifically identify their actions or involvement giving rise to plaintiff's claims. Although not cited as a ground for dismissal, the documents before this court clearly indicate that plaintiff did not exhaust his administrative remedies regarding any claims which would appear to involve these mental health providers. Thus, to efficiently process this case, plaintiff's claims against defendants Nickle, Tucker, and Mosley are also recommended dismissed for failure to state a claim.

Additional grounds for dismissal submitted by defendants have not been addressed at this time, due to the recommendation of dismissal based on the foregoing.

On December 19, 2006, plaintiff again requested appointment of counsel. On October 10, 2006, this court denied plaintiff's prior request. A review of the record does not reveal a significant change in circumstances since that time. Accordingly, for the reasons previously set forth, plaintiff's motion will be denied.

On March 14, 2007, plaintiff filed a motion to dismiss Richard Corser, Carol Oetting and Melody Griffin, citing their lack of personal involvement in the alleged constitutional violations against him. There being no opposition filed, plaintiff's motion is granted.

On April 2, 2007, plaintiff filed a motion seeking appointment of a special investigator. The court does not have funds to hire investigators to assist parties with their lawsuits in civil actions. Plaintiff will have to obtain the evidence he needs through the appropriate discovery procedures set forth in the Federal Rules of Civil Procedure.

IT IS, THEREFORE, ORDERED that plaintiff's motion for appointment of a special investigator is denied. [54] It is further

ORDERED that plaintiff's motion to dismiss Richard Corser, Carol Oetting and Melody Griffin is granted and plaintiff's claims against these defendants are dismissed, with prejudice. [53] It is further

ORDERED that plaintiff's motion for appointment of counsel is denied, without prejudice. [23] It is further

RECOMMENDED that defendants' motions to dismiss be granted and plaintiff's claims regarding the flooding of his cell caused by another inmate that resulted in plaintiff slipping and being injured; claims that Missouri Department of Corrections officials were harassing his cellmate; that defendant Pile on one occasion picked up plaintiff's law library request form off the floor and threw it away; and claims that he was improperly denied his food tray on a number of occasions because he did not have his cell light on, and was harassed and issued frivolous conduct violations in these instances, be dismissed for failure to state a claim on which relief can be granted; and plaintiff's remaining claims, be dismissed, without prejudice, pursuant to 42 U.S.C. § 1997e, for failure to exhaust administrative remedies prior to filing this federal lawsuit [20, 22, 26, 28, 42].

Under 28 U.S.C. § 636(b)(l), the parties may make specific written exceptions to this recommendation within twenty days. The District Judge will consider only exceptions to the specific proposed findings and recommendations of this report. Exceptions should not include matters outside of the report and recommendation. Other matters should be addressed in a separate pleading for consideration by the Magistrate Judge.

The statute provides for exceptions to be filed within ten days of the service of the report and recommendation. The court has extended that time to twenty days, and thus, additional time to file exceptions will not be granted unless there are exceptional circumstances. Failure to make specific written exceptions to this report and recommendation will result in a waiver of the right to appeal. See L.R. 74.1(a)(2).

Dated this 21st day of June, 2007, at Jefferson City, Missouri.

/s/ *William A. Knox*

WILLIAM A. KNOX
United States Magistrate Judge

9