IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
CENTRAL DIVISION

HUGH L. RILEY, Register No. 1104541,    )
                                         )
                     Plaintiff,          )
                                         )
              v.                         )    No. 06-4211-CV-C-NKL
                                         )
LARRY CRAWFORD, et al.,                  )
                                         )
                     Defendants.         )

## ORDER

On October 10, 2006, United States Magistrate Judge William A. Knox recommended denying plaintiff's motions for temporary restraining orders and preliminary injunction. The parties were advised they could file written exceptions to the recommendation, pursuant to 28 U.S.C. § 636(b)(1)(C).

The court has conducted a de novo review of the record, including plaintiff's motion for reconsideration and objections to the report and recommendation, as well as plaintiff's two subsequent motions seeking temporary restraining orders, citing defendants' conspiracy against him. The issues raised in plaintiff's exceptions and subsequent motions were adequately addressed in the report and recommendation. The court is persuaded that the recommendation of the Magistrate Judge is correct and should be adopted. Plaintiff's claims do not provide for an immediate threat of harm

Although the federal courts have broad power to grant or deny equitable relief in a civil rights action, Holt v. Sarver, 442 F.2d 304 (8th Cir. 1971), a "large degree of discretion is vested in the trial court" in determining whether an injunction should issue. American Home Investment Co. v. Bedel, 525 F.2d 1022, 1023 (8th Cir. 1975), cited with approval in Rittmiller v. Blex Oil, Inc., 624 F.2d 857 (8th Cir. 1980). See also Cole v. Benson, 760 F.2d 226 (8th Cir. 1985). In Dataphase Systems, Inc. v. C.L. Systems, Inc., 640 F.2d 109 (8th Cir. 1981), the court delineated the factors to be considered in ruling a motion for preliminary injunctive relief.

Whether a preliminary injunction should issue involves consideration of (1) the threat of irreparable harm to the plaintiff; (2) the state of balance between

such harm and the injury that granting the injunction will inflict on other parties litigant; (3) the probability that plaintiff will succeed on the merits; and (4) the public interest.

Id. at 113. Further, "[t]he dramatic and drastic power of injunctive force may be unleashed only against conditions generating a presently-existing actual threat; it may not be used simply to eliminate a possibility of a remote future injury, or a future invasion of rights." Rogers v. Scurr, 676 F.2d 1211, 1214 (8th Cir. 1981) (quoting Holiday Inns of America, Inc. v. B. & B. Corp., 409 F.2d 614, 618 (3d Cir. 1969)). Thus, the inquiry is "whether the balance of equities so favors the movant that justice requires the court to intervene to preserve the status quo until the merits are determined." Dataphase, 640 F.2d at 113. The burden of proof is on the party seeking injunctive relief. United States v. Dorgan, 522 F.2d 969, 973 (8th Cir. 1975).

Additionally, "a party moving for a preliminary injunction must necessarily establish a relationship between the injury claimed in the party's motion and the conduct asserted in the complaint." Devose v. Herrington, 42 F.3d 470 (8th Cir. 1994).

Riley's requests for preliminary injunctive relief do not fulfill the requirements set forth above. Riley's claims do not provide for an immediate threat of irreparable harm despite his assertions. Riley's complaint involves voluminous claims in a complaint which is more than 100 pages in length with approximately 200 pages of exhibits attached, and which names more than 70 defendants. The numerous claims in plaintiff's complaint and requests for preliminary injunctive relief will be appropriately addressed upon the filing of a motion to dismiss and/or summary judgment, and do not merit preliminary injunctive relief. Riley's request seeking his legal materials is without merit. Riley has made numerous filings in this case and has subsequently filed six additional cases with this court; thus, there is no evidence that Riley is being denied access to the court.

Inmates who file an appeal with the United States Court of Appeals for the Eighth Circuit are required to pay the full $455.00 appellate filing fee, regardless of the outcome of the appeal. Henderson v. Norris, 129 F.3d 481, 484 (8th Cir. 1997). The filing of a notice of appeal is considered a consent by the inmate to allow prison officials to deduct an initial partial appellate filing fee and later installments from the prisoner's account.

2

IT IS, THEREFORE, ORDERED that the Magistrate Judge's October 10, 2006 Report and Recommendation is adopted. [9] It is further

ORDERED that plaintiff's motions seeking temporary restraining orders and/or preliminary injunctive relief are denied. [5, 11, 17, 50].

*[signature]*
NANETTE K. LAUGHREY
United States District Judge

Dated: 7-3-07
Jefferson City, Missouri

3

Case 2:06-cv-04211-NKL   Document 59   Filed 07/05/07   Page 3 of 3