IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
CENTRAL DIVISION

| | | |
|---|---|---|
| HUGH L. RILEY, Reg. No. 1104541, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 06-4211-CV-C-NKL |
| | ) | |
| LARRY CRAWFORD, et al., | ) | |
| | ) | |
| Defendants. | ) | |

**ORDER**

      On June 14, 2007, United States Magistrate Judge William A. Knox recommended that plaintiff's claims against Judge Thomas J. Brown be dismissed, pursuant to 28 U.S.C. § 1915A, for failure to state a claim for which relief can be granted.

      On June 21, 2007, Judge Knox recommended that defendants' motions to dismiss be granted and plaintiff's claims regarding the flooding of his cell caused by another inmate that resulted in plaintiff slipping and being injured; claims that Missouri Department of Corrections officials were harassing plaintiff's cellmate; claims that defendant Pile on one occasion picked up plaintiff's law library request form off the floor and threw it away; and claims that plaintiff was improperly denied his food tray on a number of occasions because he did not have his cell light on and was harassed and issued frivolous conduct violation in these instances, be dismissed for failure to state a claim on which relief may be granted; and plaintiff's remaining claims be dismissed, without prejudice, pursuant to 42 U.S.C. § 1997e, for failure to exhaust administrative remedies prior to filing this federal lawsuit.

      The parties were advised they could file written exceptions to the recommendation, pursuant to 28 U.S.C. § 636(b)(1)(C). The court has conducted a de novo review of the record, including the exceptions filed by plaintiff on July 18, 2007. The issues raised in plaintiff's exceptions were adequately addressed in the reports and recommendations. Although plaintiff contends that defendants thwarted his attempts to exhaust all of his claims raised in his

complaint, the record does not support his contention.  The court is persuaded that the recommendations of the Magistrate Judge are correct and should be adopted.  See Sergent v. Norris, 330 F.3d 1084, 1085-86 (8th Cir. 2003) (per curiam) (finding no evidence in the record that inmate was prevented from effectively utilizing grievance procedures, and thus, claims properly dismissed for failure to exhaust administrative remedies); Maddix v. Crawford, 216 Fed. Appx. 605, 606 (8th Cir. 2007) (unpublished) (claims properly dismissed for failure to exhaust administrative remedies because record did not support plaintiff's assertion that his attempts to exhaust his claims were thwarted by defendants).

Plaintiff may refile suit on those claims which are dismissed, without prejudice, pursuant to 42 U.S.C. § 1997e, after he has exhausted his administrative remedies.  However, plaintiff will be required to pay the full filing fee.  28 U.S.C. § 1915.  Installment payments are permitted if plaintiff is granted leave to proceed in forma pauperis.

Inmates who file an appeal with the United States Court of Appeals for the Eighth Circuit are required to pay the full $455.00 appellate filing fee, regardless of the outcome of the appeal.  Henderson v. Norris, 129 F.3d 481, 484 (8th Cir. 1997).  The filing of a notice of appeal is considered a consent by the inmate to allow prison officials to deduct an initial partial appellate filing fee and later installments from the prisoner's account.

IT IS, THEREFORE, ORDERED that the Reports and Recommendations of June 14 and 21, 2007, are adopted.  [55, 56]  It is further

ORDERED plaintiff's claims against Judge Thomas J. Brown are dismissed, pursuant to 28 U.S.C. § 1915A, for failure to state a claim for which relief can be granted.  It is further

ORDERED that defendants' motions to dismiss are granted and plaintiff's claims regarding the flooding in his cell caused by another inmate that resulted in plaintiff slipping and being injured; claims that Missouri Department of Corrections officials were harassing plaintiff's cellmate; claims that defendant Pile on one occasion picked up plaintiff's law library request form off the floor and threw it away; and claims that plaintiff was improperly denied his food tray on a number of occasions because he did not have his cell light on and was harassed and issued frivolous conduct violations in these instances, be dismissed for failure to state a claim on which relief may be granted; and plaintiff's remaining claims, be dismissed, without prejudice,

2

pursuant to 42 U.S.C. § 1997e, for failure to exhaust administrative remedies prior to filing this federal law suit. [20, 22, 26, 28, 42]

/s/

NANETTE K. LAUGHREY
United States District Judge

Dated: August 17, 2007
Jefferson City, Missouri

3