**IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
CENTRAL DIVISION**

| | |
|---|---|
| HUGH L. RILEY, Reg. No. 1104541,     ) | |
|     ) | |
|     Plaintiff,     ) | |
|     ) | |
|     v.     ) | No. 06-4211-CV-C-NKL |
|     ) | |
| LARRY CRAWFORD, et al.,     ) | |
|     ) | |
|     Defendants.     ) | |

**REPORT, RECOMMENDATION AND ORDER**

Plaintiff Hugh L. Riley, an inmate confined in a Missouri penal institution, brought this case under the Civil Rights Act of 1871, 42 U.S.C. § 1983, and its corresponding jurisdictional statute, 28 U.S.C. § 1343. This case was referred to the undersigned United States Magistrate Judge for processing in accord with the Magistrate Act, 28 U.S.C. § 636, and L.R. 72.1.

The June 21, 2007 Report and Recommendation of the undersigned was adopted on August 20, 2007, by the Honorable Nanette K. Laughrey and plaintiff's claims against all defendants, except defendant Sheriff Greg White, were dismissed for failure to exhaust administrative remedies, as required by 42 U.S.C. § 1997e, and failure to state a claim under 42 U.S.C. § 1983.

Subsequent to the report and recommendation on the motions to dismiss, defendant White also filed a motion to dismiss. Defendant White's motion seeks dismissal for failure to state a claim on which relief may be granted under 42 U.S.C. § 1983. Plaintiff has filed no response.

"[A] complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Conley v. Gibson, 355 U.S. 41, 45-46 (1957). When applying this standard, the court accepts as true the factual allegations in the complaint and views them in the light most favorable to the plaintiff. Hishon v. King and Spalding, 467 U.S. 69, 73 (1984); Kohl v. Casson, 5 F.3d 1141, 1148 (8th Cir. 1993).

Upon review of plaintiff's complaint, the only claims against defendant White appear to be based on his failure to respond to a letter sent to him by plaintiff, which sought criminal prosecution against Missouri Department of Corrections (MDOC) Officer Wilson, based on incidents which occurred at the prison. Plaintiff's claims against Officer Wilson were the same claims on which plaintiff has sought relief against Wilson in this case, and which have been dismissed.

There are no allegations of conduct by Sheriff White which deny plaintiff any rights guaranteed by federal law or the United States Constitution. Claims that one of the MDOC prison officers (Wilson) should have been criminally prosecuted by the Sheriff's Department, but was not, do not set forth a viable claim under 42 U.S.C. § 1983. See Wyrick v. Dunklin County, 2007 WL 710174 *2 (E.D. Mo. 2007) ("[I]t is beyond this Court's power to mandate that state officials initiate criminal investigations and prosecute criminal charges").

Additionally, there is no respondeat superior liability under section 1983; thus, as a supervisor, Sheriff White can only be held liable under section 1983 for personal involvement in a constitutional violation, or when his corrective inaction amounts to deliberate indifference or tacit authorization of the violation. Boyd v. Knox, 47 F.3d 966, 968 (8th Cir. 1995); Fruit v. Norris, 905 F.2d 1147, 1151 (8th Cir. 1990). Sheriff White was not personally involved in any violation of plaintiff's rights that he alleges occurred by Officer Wilson, nor was Sheriff White in any way directly responsible for taking corrective action regarding the alleged actions of Officer Wilson.

For the reasons set forth above, defendant White's motion to dismiss should be granted.

On July 19, 2007, plaintiff filed motions for preliminary injunction and for leave to amend, seeking to file a 52-page amendment with 32 exhibits attached. The allegations in plaintiff's amendment to his complaint and motion for preliminary injunction involve incidents which occurred subsequent to plaintiff filing his original complaint with this court, and thus, are yet to be exhausted via the prison administrative process, or if exhausted, were not exhausted prior to plaintiff filing this federal lawsuit, as required by 42 U.S.C. § 1997e. Numerous claims in this case have already been dismissed for failure to exhaust administrative remedies prior to filing suit. Therefore, at this stage in the proceedings, based on the apparent nonexhaustion of claims in plaintiff's motion to amend, plaintiff's motion to amend should be denied.

In addition to the nonexhaustion of his claims seeking preliminary injunctive relief, the court also finds that plaintiff's claims do not merit preliminary injunctive relief. Although the federal courts have broad power to grant or deny equitable relief in a civil rights action, Holt v. Sarver, 442 F.2d 304 (8th Cir. 1971), a "large degree of discretion is vested in the trial court" in determining whether an injunction should issue. American Home Investment Co. v. Bedel, 525 F.2d 1022, 1023 (8th Cir. 1975), cited with approval in Rittmiller v. Blex Oil, Inc., 624 F.2d 857 (8th Cir. 1980). See also Cole v. Benson, 760 F.2d 226 (8th Cir. 1985). In Dataphase Systems, Inc. v. C.L. Systems, Inc., 640 F.2d 109 (8th Cir. 1981), the court delineated the factors to be considered in ruling a motion for preliminary injunctive relief.

> Whether a preliminary injunction should issue involves consideration of (1) the threat of irreparable harm to the plaintiff; (2) the state of balance between such harm and the injury that granting the injunction will inflict on other parties litigant; (3) the probability that plaintiff will succeed on the merits; and (4) the public interest.

Id. at 113. Further, "[t]he dramatic and drastic power of injunctive force may be unleashed only against conditions generating a presently-existing actual threat; it may not be used simply to eliminate a possibility of a remote future injury, or a future invasion of rights." Rogers v. Scurr, 676 F.2d 1211, 1214 (8th Cir. 1981) (quoting Holiday Inns of America, Inc. v. B. & B. Corp., 409 F.2d 614, 618 (3d Cir. 1969)). Thus, the inquiry is "whether the balance of equities so favors the movant that justice requires the court to intervene to preserve the status quo until the merits are determined." Dataphase, 640 F.2d at 113. The burden of proof is on the party seeking injunctive relief. United States v. Dorgan, 522 F.2d 969, 973 (8th Cir. 1975).

Additionally, "a party moving for a preliminary injunction must necessarily establish a relationship between the injury claimed in the party's motion and the conduct asserted in the complaint." Devose v. Herrington, 42 F.3d 470 (8th Cir. 1994).

Plaintiff's claims seeking preliminary injunctive relief are based on speculative allegations that he will not receive proper medical treatment because he is going to be retaliated against. Plaintiff's motion acknowledges that he has seen a doctor for his high blood pressure and is on necessary medication. Plaintiff's belief that he is going to be denied proper care in the future is based on nothing more than speculation, which is not a basis for this court to issue preliminary injunctive relief.

3

A Clerk's Judgment was entered in this case in error on August 20, 2007. Accordingly, it is

ORDERED that the Clerk of Court vacate the judgment entered in this case on August 20, 2007. [68] It is further

RECOMMENDED that plaintiff's motion to amend be denied. [63] It is further

RECOMMENDED that plaintiff's motion for preliminary injunctive relief be denied. [62] It is further

RECOMMENDED that defendant White's motion to dismiss be granted and plaintiff's claims be dismissed for failure to state a claim on which relief may be granted. [58]

Under 28 U.S.C. § 636(b)(l), the parties may make specific written exceptions to this recommendation within twenty days. The District Judge will consider only exceptions to the specific proposed findings and recommendations of this report. Exceptions should not include matters outside of the report and recommendation. Other matters should be addressed in a separate pleading for consideration by the Magistrate Judge.

The statute provides for exceptions to be filed within ten days of the service of the report and recommendation. The court has extended that time to twenty days, and thus, additional time to file exceptions will not be granted unless there are exceptional circumstances. Failure to make specific written exceptions to this report and recommendation will result in a waiver of the right to appeal. See L.R. 74.1(a)(2).

Dated this 24th day of August, 2007, at Jefferson City, Missouri.

/s/ *William A. Knox*

WILLIAM A. KNOX
United States Magistrate Judge

4